UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEE THOMAS JR., | ) | No. 5:21-cv-01912-CJC-JDE |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| v. | ) | WHY THE PETITION |
| | ) | SHOULD NOT BE |
| CHRISTIAN PFEIFFER, | ) | DISMISSED |
| | ) | |
| Respondent. | ) | |

## I.

## INTRODUCTION

On November 7, 2021,[1] Richard Lee Thomas Jr. ("Petitioner"), a state prisoner proceeding <u>pro se</u> constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Dkt. 1 ("Pet." or "Petition"). This is the second habeas petition Petitioner has filed in this Court. The prior habeas petition, challenging his 2017 conviction in Riverside

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." <u>Lott v. Mueller</u>, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. In this case, Petitioner's request to proceed <u>in forma pauperis</u> ("IFP Application") was signed on November 7, 2021.

County Superior Court, was summarily dismissed without prejudice on April 22, 2021 per Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). <u>See</u> <u>Thomas v. People of the State of California</u>, Case No. 5:21-cv-00246-CJC-JDE (C.D. Cal.) ("Prior Action"), Dkt. 5-6. The instant Petition suffers from numerous defects, including defects that resulted in the dismissal of the Prior Action. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.

## PETITIONER'S CLAIMS

1.     "Violation of federal constitutional rights. It's that simple[.] I'm being wronged in the CDCR and by the people of USA. Self-defense, self-preservation. That should speak volumes & say enough, for starters. I'm being denied true justice, bre." Pet. at 5.

2.     "Breaches of ethical, moral, procedural conducts under federal constitutional law. Ineffective assistance of counsel, negligence of counsel, jury- . . . mistrials." Pet. at 5.

3.     "Framing, setups by corrupt public officials who want to look good in court like Johnny Cochran or something[.] Jury deliberation took less than an hour that day trial ended because of negligent uncaring people on the jury- due to framing, falsification of information in official documents on record, misinterpretation of law, misstates & misconstrued facts manipulation of criminal justice system." Pet. at 6.

4.     "That's enough for now. I'll save the rest for when people start conspiring to form rebuttals . . . . Real criminals are people who create the law intentionally, knowingly, willingly & unlawfully. I'm not a real criminal. I'm being held in prison illegally and it's an urgent emergency situation[.] I'm declaring war on corruption[.] This case needs publicity exploitation because I'm going to the President with it." Pet. at 6.

2

5.      "Victimization of & by circumstance. Happenstance situations . . . on a daily basis. Things which are cannot control, such as the environment are is . . . in against their will. Fate is random . . . of events, that which an individual has no control circumstantially, out of their power to control." Pet. at 6.

## III.

## DISCUSSION

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Habeas Rule 4; <u>Mayle v. Felix</u>, 545 U.S. 644, 656 (2005). Here, the Petition suffers from several defects.

### A.      The Petition is Vague and Conclusory

As an initial matter, the Petition is confusing and largely unintelligible. Petitioner purports to be challenging three different convictions, a prison disciplinary violation, parole problems, and some other unspecified issue. Pet. at 2. He facially asserts five grounds for relief, but the bases for these claims are unclear. For instance, in Ground One, Petitioner alleges "[v]iolation of federal constitutional rights. It's that simple[.] I'm being wronged in the CDCR and by the people of USA." Pet. at 5. The supporting facts section states, in its entirety, "Self-defense, self-preservation. That should speak volumes & say enough, for starters. I'm being denied true justice, bre." <u>Id.</u>

The Habeas Rules require a statement of all grounds for relief and the facts supporting each ground, and the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. <u>See</u> Habeas Rule 2(c); Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; <u>Felix</u>, 545 U.S. at 655; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague,

1   conclusory, palpably incredible, or unsupported by a statement of specific
2   facts, are insufficient to warrant relief, and are subject to summary dismissal.
3   See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24
4   F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.
5   1990). The Petition falls far short of the minimal clarity required to proceed.
6   Petitioner was advised of these requirements in the Prior Action (see Prior
7   Action, Dkt. 4 at 3 & Dkt. 5 at 3), but the current Petition nevertheless fails to
8   present claims in a coherent fashion and is disjointed, vague, and conclusory.

9          **B.     The Petition is Facially Untimely**

10         District courts are permitted to consider, sua sponte, whether a petition
11   is untimely and to dismiss a petition that is untimely on its face after providing
12   the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S.
13   198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).
14   Here, at a minimum, Petitioner appears to challenge his 2017 Riverside
15   County Superior Court conviction in Case No. SWF1501433. However, to the
16   extent he is challenging that conviction, the Petition appears untimely.

17         Because the Petition was filed after the effective date of the Antiterrorism
18   and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the
19   AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d).
20   See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Ordinarily, the
21   limitations period runs from the date on which the prisoner's judgment of
22   conviction "became final by the conclusion of direct review or the expiration of
23   the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does
24   not appear to contend that he is entitled to a later trigger date under 28 U.S.C.
25   § 2244(d)(1)(B)-(D), and the Court finds no basis for applying a later trigger
26   date. As such, Section 2244(d)(1)(A) governs in this case.

27         On May 11, 2017, a Riverside County Superior Court jury found
28   Petitioner guilty of first degree murder, attempted premeditated and deliberate

murder, and assault with a deadly weapon. The jury also found true various sentence enhancement allegations. Petitioner was sentenced to an indeterminate term of 32 years to life, plus a determinate term of one year in state prison. Riverside County Superior Court at https://public-access.riverside.courts.ca.gov;[2] People v. Thomas, 2019 WL 5418285, at *1 (Cal. Ct. App. Oct. 23, 2019).

Petitioner appealed his conviction and sentence to the California Court of Appeal. In an unpublished decision issued on October 23, 2019, the court of appeal remanded the case to the trial court "for the limited purpose of giving the parties an opportunity to supplement the record with information relevant to [Petitioner's] youth offender parole hearing" in accordance with People v. Franklin, 63 Cal. 4th 261 (2016) (as modified) and to correct the abstract of judgment.[3] In all other respects, the judgment was affirmed. Thomas, 2019 WL 5418285, at *11. Petitioner's subsequent Petition for Review was denied on January 2, 2020. Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov.

As it does not appear Petitioner filed a petition for a writ of certiorari, his conviction became final 150 days later, on June 1, 2020, when the temporarily extended deadline to file a petition for a writ of certiorari with the Supreme Court expired. See Sup. Ct. R. 13.1 (requiring a petition for a writ of certiorari be filed within 90 days after entry of a state court judgment or an order

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Petitioner's state court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

[3] "[A] Franklin proceeding is unrelated to the validity of the defendant's sentence. Neither the entitlement to a youth offender parole hearing, nor the evidence preservation process 'disturb[s] the finality of state convictions.'" In re Cook, 7 Cal. 5th 439, 451 (2019) (second alteration in original) (quoting Montgomery v. Louisiana, 577 U.S. 190, 212 (2016) (as revised)).

declining discretionary review by a state court of last resort); Miscellaneous Order, 589 U.S. – (March 19, 2020) (ordering "the deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing"); Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA's one-year limitations period expired one year later on June 1, 2021. As noted, Petitioner did not constructively file his Petition until November 7, 2021. Thus, absent tolling, the Petition appears untimely.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). However, the filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Here, Petitioner does not appear to be entitled to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) as it appears he did not file any habeas petitions in state court.

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) "he has been pursuing his rights diligently"; and (2) "'some extraordinary circumstance stood in his way' and prevented

6

timely filing." Id. (quoting Pace, 544 U.S. at 418). The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not appear to render the Petition timely.

   **C.**   **The Petition is Mixed or Wholly Unexhausted**

Third, under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless the petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner acknowledges Grounds One and Two are unexhausted. Pet. at 5-6. As to the remaining grounds, Petitioner contends he raised these claims in a habeas petition filed in the California Supreme Court. See id. at 6-7. However, a review of the state supreme court's online docket reflects that

Petitioner has not sought habeas relief in the California Supreme Court. <u>See</u> Appellate Courts. Thus, it appears two or more of Petitioner's claims are unexhausted, rendering the Petition "mixed" or wholly unexhausted, and subject to dismissal for this additional reason.

### D. <u>Petitioner May Not Pursue Civil Rights Claims in this Action</u>

Fourth, it appears that Petitioner may be seeking to pursue one or more civil rights claims in this action. As noted, in Ground One, Petitioner alleges he is "being wronged in the CDCR," and elsewhere he states, "This is a huge civil class-action federal lawsuit," "worth millions of dollars. I've been brutalized in here." Pet. at 5, 8. To the extent Petitioner seeks to pursue any civil rights claims, a federal habeas petition is not the appropriate vehicle for doing so.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. <u>See</u> <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration fall within the "core" of habeas corpus. <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006); <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004). "By contrast, constitutional claims that merely challenge the conditions of prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance." <u>Nelson</u>, 541 U.S. at 643; <u>Hill</u>, 547 U.S. at 579; <u>Nettles v. Grounds</u>, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (concluding that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus"). Thus, if success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, under 42 U.S.C. § 1983. <u>Nettles</u>, 830 F.3d at 935 (quoting <u>Skinner v. Switzer</u>, 562 U.S.

521, 535 n.13 (2011)); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Here, although it is not entirely clear, it appears that Petitioner is seeking to pursue claims based on conditions of confinement at Kern Valley State Prison (the "Prison"), where he is currently incarcerated. Success on these claims would not result in an immediate or speedier release from custody. See Nettles, 830 F.3d at 933 (explaining that "prisoners may not challenge mere conditions of confinement in habeas corpus"); Stephens v. Cty. of San Bernardino, 2019 WL 1412123, at *1 (C.D. Cal. Feb. 20, 2019) (concluding that conditions of confinement claims must be brought in Section 1983 action regardless of the petitioner's request for release from custody), report and recommendation accepted by 2019 WL 1406954 (C.D. Cal. Mar. 27, 2019); Crane v. Beard, 2017 WL 1234096, at *4 (C.D. Cal. Apr. 3, 2017) (finding that claims challenging the petitioner's conditions of confinement were not cognizable on federal habeas review). As such, to the extent Petitioner is challenging the conditions of his confinement, such claims do not fall within "the core of habeas corpus" and Petitioner must instead pursue these claims, if at all, in a Section 1983 action. Petitioner appears to concede as much as he also filed a civil rights action in this Court related to conduct at the Prison. As the Court explained in its order transferring this action, venue properly lies in the Eastern District of California, where the Prison is located. See Thomas v. Kern Valley State Prison, et al., Case No. 5:21-cv-01913-CJC-JDE (C.D. Cal.), Dkt. 5.

### E. Petitioner's IFP Application is Incomplete

Fifth, Petitioner did not pay the $5 filing fee for a federal habeas petition (see 28 U.S.C. § 1914(a)) and did not alternatively file a completed IFP Application as required by 28 U.S.C. § 1915. The IFP Application filed with the Petition was not signed by the authorized officer at the institution where

Petitioner is incarcerated, and did not include a certified copy of Petitioner's prisoner trust account or institutional equivalent for the six months immediately preceding the filing of the Petition as required by statute. 28 U.S.C. § 1915(a)(2). Petitioner was previously advised of this requirement in the Prior Action (see Prior Action Dkt. 4 at 5-6), but again, Petitioner has filed an incomplete IFP Application, which cannot be granted. The Clerk is directed to send Petitioner a form IFP Application by a person in custody, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee.

### F. Petitioner's Request for Appointment of Counsel

Finally, to the extent that Petitioner requests the appointment of counsel or purports to "elect Joseph Rhea [of] Palm Springs" to act as his attorney, that request is denied. See Pet. at 8. There is no constitutional right to counsel in connection with a habeas petition. Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). The decision of whether to appoint counsel is within the Court's discretion based upon an evaluation of Petitioner's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Having reviewed the Petition, based upon the current record, the Court concludes that the appointment of counsel is not warranted at this time. As a result, the request is DENIED. Nothing in this order prevents Petitioner from retaining counsel.

### IV.

### CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by no later than thirty (30)

days from the date of this Order, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a Notice of Dismissal form. However, the Court warns any dismissed claims may be subject to the statute of limitations under Section 2244(d)(1).

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: November 23, 2021

JOHN D. EARLY
United States Magistrate Judge